**LOUIS ROSNER, ESQ.**
123 S. Broad St. Ste 2020
Philadelphia, PA 19109
215.670.9990
215.790.0668 fax
lrosner@verizon.net
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREN ANDREWS** : | |
| 209 Vincent Dr. : | |
| Honey Brook, PA 19344 : | |
| : | |
| **Plaintiff** : | |
| vs. : | **CIVIL ACTION** |
| : | |
| **KH SENIOR CARE, LLC, d/b/a** : | No. _____ |
| **SENIOR HELPERS and** : | |
| **KEVIN HERMAN** : | **JURY TRIAL DEMANDED** |
| 47 Marchwood Rd., Ste 1-C : | |
| Exton, PA 19341 : | |
| : | |
| and : | |
| : | |
| **SANDC, INC. and** : | |
| **COLLEEN F. SLUSARCZYK** : | |
| 549 Summercroft Dr. : | |
| Exton, PA 19341 : | |
| : | |
| **Defendants** : | |

## Introduction

This is an action under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* ("FLSA"), to recover payment for uncompensated time worked and unpaid overtime on behalf of Plaintiff Karen Andrews ("Andrews"). Andrews contends defendants failed to pay her for certain time worked during the workday as well as failed to compensate her at time and one half her regular

rate of pay for all hours worked in excess of forty (40) hours in various workweeks.

Plaintiff also asserts supplemental state law claims for breach of contract, unjust enrichment and violation of the Pennsylvania Minimum Wage Act, 43 Pa. St. § 333.101, *et seq.* ("MWA") and the Pennsylvania Wage Payment and Collection Law, 43 Pa. St. §260.1, *et seq.* ("WPCL").

## Parties

1      Andrews is a citizen of the Commonwealth of Pennsylvania residing at 209 Vincent Dr., Honey Brook, PA 19344.

2      Defendant Sandc, Inc. is a Pennsylvania corporation with its registered office at 549 Summercroft Drive, Exton, PA 19341. Sandc, Inc. carried on its business under the unregistered fictitious name of Senior Helpers of Exton.

3      Colleen F. Slusarczyk ("Slusarczyk") has been, at all times material herein, the president of Sandc, Inc. and, upon information and belief, its majority, if not sole, shareholder. Slusarczyk was actively involved in overseeing and managing Sandc, Inc.'s home care business and in determining operational policy.

4      Defendant KH Senior Care, LLC ("Senior Care") is a Pennsylvania limited liability company, with its registered office at 47 Marchwood Rd., Ste 1-C, Exton, PA 19341. Senior Care conducts its business under the registered fictitious name of Senior Helpers.

5      Defendant Kevin Herman ("Herman") is the president and owner of Senior Care. Herman has been actively involved in overseeing and managing Senior Care's home care business and in determining operational policy.

6      Sandc, Inc., Slusarczyk, Senior Care and Herman are employers as defined in the

FLSA, 29 USC §203(d), the MWA and the WPCL, 43 P.S. § 260.2a and are each liable for violations under each said Act.

## Jurisdiction and Venue

7	This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer in any federal or state court of competent jurisdiction."

8	This Court has federal question jurisdiction over this action pursuant to 28 U.S. C. §1331 and supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Andrews' state law claims because those claims arise out of the same nucleus of operative facts as the FLSA claim.

9	Venue in this District is proper pursuant to 28 U.S.C. §1391(b), as the parties reside in this district, do business herein, and the unlawful practices of which Andrews complains were committed in this District.

## Facts

10	Sandc, Inc. owned and operated a home care agency business that provided various home care services to its clients in and around Chester County, Pennsylvania.

11	Andrews was hired by Sandc, Inc. in February of 2015 as a care giver.

12	Andrews was employed to provide companionship and daily living and household support services to elderly and/or disabled clients in their home or in the facility in which they resided.

13	At the time of hire in February of 2015, Andrews was told she would be paid $10.00 per hour.

14	In or about late March of 2015, Andrews was assigned to render home care

services to Sandc, Inc. client "Jane Doe." The assignment required Andrews to work 14 hours a day, 7 days a week. She was paid $130 for each 14 hour work day.

15  In September of 2015 Senior Care purchased the home care agency business from Sandc, Inc.

16  Senior Care continued to operate the home care agency business by providing the same services to the same client population with the same employees. The existing terms and conditions of employment pertaining to wages, hours of employment and working conditions continued in effect despite the change in ownership.

17  For example, Andrews was continued in her employment with Senior Care and without having to apply for employment with Senior Care. Andrews continued to perform the same duties and to service the same client population under the same terms and conditions of employment.

18  Andrews continued working the same Jane Doe assignment after the sale of the business to Senior Care and at the same rate of pay until in or about late September of 2016, although at some point the pay was increased from $130 to $131.50 for the 14 hour work day.

19  Andrews was not paid at the overtime rate of time and one half for hours worked in excess of 40 hours for the work weeks in which she worked the daily 14 hour shift nor for other workweeks in which she worked in excess of 40 hours.

20  During other workweeks, Andrews was assigned to a variety of short term assignments. These assignments varied for each client as to the number of hours per day, the number of days per week and the duration of the assignment.

21  Andrews was paid an hourly rate which varied with the particular assignment.

22      Andrews was often assigned to visit multiple clients during the same workday. These assignments often required Andrews to travel from one client location to another during the course of the workday.

23      Andrews was required to clock in upon arrival and clock out upon departure at each client location.

24      On many of these workdays, Andrews was not paid for the time she spent traveling from one client location to the next during the course of the workday.

25      Andrews was under the direction and control of Sandc, Inc. and/or Senior Care as to the work assigned to her, the hours she worked and the manner and method of the performance of her duties.

26      Andrews was classified and employed as a W-2 non-exempt employee.

27      Andrews was an "employee" of Sandc, Inc. and Senior Care within the meaning of the FLSA, the WPCL and the MWA.

**Count One**
**Violation of the FLSA**

28      Andrews incorporates the allegations set forth in paragraphs 1-27 as if set forth herein at length.

29      Since in or about March of 2015, and continuing thereafter, Andrews was required to work overtime in excess of 40 hours in various workweeks. Andrews was paid at a straight hourly rate for all hours worked during these workweeks, including hours for which she should have been paid at the overtime rate of time and one half.

30      Since in or about March of 2015, and continuing thereafter, Andrews was not

compensated for time she spent traveling from one client location to the next during the course of her workday.

31     Sandc, Inc. and Senior Care knew and/or should have known of their obligation to compensate Andrews for overtime worked and travel time and their failure to do so was willful.

32     Section 206 of the FLSA requires an employer to pay an employee covered by the Act for each hour worked.

33     Section 207 of the FLSA requires an employer to pay an employee covered by the Act overtime wages at the rate of one and one half times the employees's regular hourly rate for all work in excess of 40 hours in a workweek.

34     As averred above, Sandc, Inc. and Senior Care failed and refused to pay Andrews both for all hours worked and for overtime hours at the rate of time and one half.

35     Sandc, Inc.'s and Senior Care's failure/refusal to pay both overtime compensation and other wages for work performed were willful violations of the FLSA.

36     As a result of their unlawful actions, defendants Sandc, Inc., Slusarczyk, Senior Care and Herman are liable to Andrews.

WHEREFORE, Andrews requests judgment against all defendants and demands damages for unpaid wages, unpaid overtime wages, liquidated damages, pre-and post-judgment interest, costs of suit, attorneys' fees and such other relief as the Court deems just and proper.

**Count Two**
**Breach of Contract**

37     Andrews repeats the allegations of paragraphs 1-36 as if set forth herein at length.

38     Andrews was hired at the rate of $10.00 per hour. Andrews was paid at various

times at a rate of less than $10.00 per hour, for example, she was paid $9.28 per hour, or a total of $130, for the 14 hour work day on the Jane Doe assignment.

39  On other occasions Andrews was not paid for time spent traveling between client locations during the work day.

40  By failing to pay Andrews the agreed upon rate of $10 per hour, and by not paying Andrews at all on other occasions for time worked, Sandc, Inc. and Senior Care breached the contract with Andrews.

WHEREFORE, Andrews requests judgment against defendants and demands damages for unpaid regular and overtime wages, pre-and post-judgment interest, costs of suit and such other relief as the Court deems just and proper.

### Count Three
### Unjust Enrichment

41  Andrews repeats the allegations of paragraphs 1-40 as if set forth herein at length.

42  By paying Andrews less than the agreed upon rate of $10 per hour, or not paying Andrews at all, for time worked or for overtime at time and one half, Sandc, Inc. and Senior Care have been unjustly enriched.

WHEREFORE, Andrews requests judgment against defendants and demands damages for unpaid regular and overtime wages, pre-and post-judgment interest, costs of suit and such other relief as the Court deems just and proper.

### Count Four
### Violation of the MWA

43  Andrews incorporates the allegations set forth in paragraphs 1-42 as if set forth herein at length.

44      Sandc, Inc. and Senior Care failed to pay Andrews wages earned for all hours worked, including overtime.

45      Andrews is entitled to regular and/or overtime wages for all hours worked pursuant to the MWA.

46      By failing/refusing to timely pay Andrews all regular and overtime wages to which she was entitled, Sandc, Inc. and Senior Care violated the minimum wage and overtime provisions of the MWA.

47      As a result of their unlawful actions, defendants Sandc, Inc., Slusarczyk, Senior Care and Herman are liable to Andrews.

WHEREFORE, Andrews requests judgment against defendants and demands damages for unpaid wages, unpaid overtime wages, liquidated damages, pre-and post-judgment interest, costs of suit, attorneys' fees and such other relief as the Court deems just and proper.

### Count Five
### Violation of the WPCL

48      Andrews incorporates the allegations set forth in paragraphs 1-47 as if set forth herein at length.

49      Sandc, Inc. and Senior Care failed to pay Andrews for all amounts of wages earned, including overtime, to which she was entitled to be paid as described above.

50      As a result of their unlawful actions, defendants Sandc, Inc., Slusarczyk, Senior Care and Herman are liable to Andrews.

WHEREFORE, Andrews requests judgment against all defendants and demands damages for unpaid wages, unpaid overtime wages, liquidated damages, pre-and post-judgment interest,

costs of suit, attorneys' fees and such other relief as the Court deems just and proper.

                                          Attorney for Plaintiff Karen Andrews

                                          _____
                                          Louis Rosner, Esq.

Dated: 4/10/2017